UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VERONICA ZUNIGA RODRIGUEZ,

    Petitioner,

v.                                                                                    Case No. 4:20cv210-MW-HTC

WARDEN FCI TALLAHASSEE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's motion to dismiss Petitioner's amended 28 U.S.C. § 2241 habeas petition for lack of jurisdiction and failure to exhaust. ECF Doc. 17. The Court gave Petitioner an opportunity to file an opposition to the motion. ECF Doc. 18. Petitioner, however, has not filed an opposition and her time for doing so has expired. Indeed, other than filing an amended petition, Petitioner has submitted no other filings in this case.[1]

The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon

---

[1] The amended petition was initially filed through counsel in the Eastern District of Texas but transferred to this district because the petitioner was not incarcerated in the Eastern District of Texas at the time the action was filed. ECF Doc. 4. After the case was transferred to this district and despite repeated orders from this Court directing counsel he could move to proceed *pro hac vice*, counsel withdrew, and Petitioner continued the case *pro se*. ECF Docs. 6, 7, 8, 9, 10.

consideration, the undersigned recommends the motion be GRANTED because (1) Petitioner has not exhausted her administrative remedies and (2) Petitioner's claim is barred by collateral estoppel.

**I.     BACKGROUND**

Petitioner Veronica Rodriguez was arrested by Louisiana state authorities on May 25, 2015 for her participation in a large drug conspiracy and has been in continuous custody – either state or federal -- since then. ECF Doc. 17-1 at 1. She was charged for that offense by Louisiana state officials (in Bossier Parish Case No. 211962) and by the United States (in *United States v. Rodriguez*, 5:15-cr-00018-RWS-CMC (E.D. Tex.)). On September 15, 2015, Petitioner was sentenced in state court in Bossier Parish Case No. 211962 to six years' imprisonment. *Id*.

On November 30, 2015, Petitioner was transferred from Louisiana state custody to federal custody to be prosecuted by federal authorities. *Id*. On December 15, 2016, Petitioner was sentenced by the United States District Court for the Eastern District of Texas to 84 months' imprisonment. *United States v. Rodriguez*, 5:15-cr-00018-RWS-CMC, ECF Doc. 872 (E.D. Tex. Dec. 16, 2016). Petitioner's judgment stated the following with respect to time served, which gives rise to the issue in the instant case:

> Subject to the Bureau of Prisons' policy and/or statute, the defendant shall receive credit for time served from May 25, 2015, to date of sentencing.

Case No. 4:20cv210-MW-HTC

>The court makes the following recommendations to the Bureau of Prisons:
>
>>That the Bureau of Prisons designate Louisiana Department of Public Safety and Corrections to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in Docket Number 211962, 26th Judicial District Court, Bossier Parish, Benton, Louisiana.

*Id.*

Petitioner was returned to state authorities on January 13, 2017 and served her sentence in Bossier Parish Case No. 211962 until June 18, 2017, when she was paroled from that case. ECF Doc. 17-1 at 2. The next day, Petitioner was turned over to Arkansas state officials to serve a sentence for a parole revocation there. *Id.* She remained in Arkansas state custody until May 21, 2018, when she was released on parole from Arkansas state custody and returned to federal authorities. *Id.* She has remained in federal custody since that time.[2] Upon her entry into the BOP, the BOP calculated Petitioner's good conduct time release date as August 10, 2022, after giving Petitioner 113 days of presentence credit for time served. *Id.*

In the instant amended petition, Petitioner challenges the BOP's calculation of her presentence credit. ECF Doc. 2. Specifically, Petitioner argues the BOP is only giving her credit for four months (from May 25, 2015 to September 14, 2015), and ignoring fifteen months of credit for jail time she served while a federal hold

---

[2] Petitioner is currently incarcerated at Federal Correctional Institution in Tallahassee ("FCI Tallahassee").

Case No. 4:20cv210-MW-HTC

was placed on her. *Id.* at 1. In other words, Petitioner seeks credit for presentence time served from May 25, 2015 to December 15, 2016.

## II.   DISCUSSION

As an initial matter, Respondent disagrees Petitioner is entitled to any more credit than the 113 days given because the "fifteen months" of additional credit sought had already been applied to reduce Petitioner's state sentences for the Louisiana and Arkansas convictions. ECF Doc. 17 at 4. Regardless, the Respondent has moved to dismiss, not on the merits, but on two other grounds.

First, Respondent argues Petitioner has failed to exhaust her available administrative remedies prior to bringing her petition. Second, Respondent argues Petitioner is not entitled to relief because this issue was previously decided by the Eastern District of Texas and is, thus, barred by *res judicata*. As set forth below, the undersigned agrees Petitioner has failed to exhaust her administrative remedies and, even if she had exhausted, the petition is nonetheless barred by collateral estoppel.

### A.   Failure to Exhaust

A petitioner seeking relief under 28 U.S.C. § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016). Although exhaustion is not a jurisdictional prerequisite to suit, it is still a requirement. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated by Santiago–Lugo*, 785 F.3d at 471, 474–75, 474 n.5. Indeed,

Case No. 4:20cv210-MW-HTC

"the exhaustion requirement applies to the computation of sentence credit awards," such as at issue here. *Barron v. Adduci*, No. 7:15cv1258/AKK-TMP, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (a claim asking the court to grant credit for time served can be brought under Section 2241 only after a petitioner has exhausted administrative remedies)).

To properly exhaust administrative remedies, a petitioner must comply with the applicable agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91(2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act). The BOP provides an internal grievance procedure for its inmates. *See* 28 C.F.R. § 542.10, *et seq*. A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). If the informal resolution procedures fail to resolve the issue, generally a prisoner must complete a formal, three-step sequential process.

As to the formal grievance procedures, an inmate first must submit a Request for Administrative Remedy on the BP-9 form to the Warden within twenty days of the incident. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, she may submit an appeal on the BP-10 form to the Regional Director within twenty days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, she may submit an

appeal on the BP-11 form to the General Counsel within thirty days of the Regional Director's response. *See id.*

Exhaustion allows "'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" *Green v. Sec'y for Dep't of Corr.*, 212 F. App'x 869, 871 (11th Cir. 2006) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Requiring exhaustion also "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 548 U.S. at 93.

While Petitioner filed a grievance at the facility level to the Warden, she failed to file a BP-10 form with the Regional Director or a BP-11 form with the General Counsel's office. ECF Doc. 17-1 at 2 & 17-2 at 67. Petitioner has sidestepped two important levels of internal BOP review by failing to appeal the initial denial of her grievance by the Warden. Her petition should, therefore, be dismissed for failure to exhaust administrative remedies.

### B. Collateral Estoppel

As discussed above, Respondent also moves for dismissal based on *res judicata*. "Although in a broad, general sense the term '*res judicata*' encompasses the concept of collateral estoppel, strictly speaking they do have distinct meanings." *Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1501 (11th Cir. 1984);

*Community State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011), (citing *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 598 (1948) ("*Res judicata* comes in two forms: claim preclusion (traditional '*res judicata*') and issue preclusion (also known as 'collateral estoppel')."). "In its narrower sense *res judicata* bars a second suit involving the same parties and same cause of action on all matters that were part of the first suit and all issues that could have been litigated." *Precision Air Parts, Inc.*, 736 F.2d at 1501.

"Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675 (11th Cir. 1993). "Collateral estoppel, or issue preclusion, 'has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party *or his privy* and of promoting judicial economy by preventing needless litigation.'" *Allen v. Sch. Bd. for Santa Rosa Cty., Fla.*, 782 F. Supp. 2d 1304, 1325 (N.D. Fla. 2011), *on reconsideration,* No. 3:10CV142/MCR/CJK, 2011 WL 13112091 (N.D. Fla. May 12, 2011), citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (emphasis added).

"The prerequisites to issue preclusion are: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior

litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *Id.* (*citing CSX Transp., Inc. v. Brh'd of Maintenance of Way Employees,* 327 F.3d 1309, 1317 (11th Cir.2003)). "The actual decision of whether to apply collateral estoppel involves equitable considerations and is left to the discretion of the district court." *In re Palm Beach Fin. Partners, L.P.*, 568 B.R. 874, 893 (Bankr. S.D. Fla. 2017) (citing *Fried v. Stiefel Labs., Inc.*, No. 11-20853-CIV, 2013 WL 12063938, at *2 (S.D. Fla. Sept. 3, 2013)). Collateral estoppel should apply where "there are no special considerations of fairness, relative judicial authority, changes of law, or the like, that warrant remission of the ordinary rules of preclusion." *Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1059 n. 4 (11th Cir. 1987) (internal citation omitted).

In her underlying criminal case before the Eastern District of Texas, Petitioner filed an emergency motion for reduction in term of imprisonment under section 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Rodriguez*, 5:15-cr-00018-RWS-CMC, ECF Doc. 1176 (E.D. Tex. Apr. 28, 2020). Section 3582 allows a court, upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" to reduce the term of imprisonment if it

finds that "extraordinary and compelling reasons warrant such a reduction." One of the grounds Petitioner raised in the motion was a "credit calculation error." ECF Doc. 17-3.

With respect to that ground, the Eastern District of Texas court stated as follows:

> With respect to the credit computation issue, the BOP has awarded Defendant credit for the time period May 25, 2015 through September 14, 2015. However, Defendant is ineligible for the remainder of the time requested, even though the Court ordered that she receive it, because it was credited against her state sentences in Louisiana and Arkansas. The administrative determination of awarding credit is the responsibility of the BOP. "After a district court sentences a federal offense, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1991). "Although the statute does not explicitly say who is responsible for calculating the [§3585(b)] credit, controlling precedent indicates that it is the Attorney General acting through the Bureau of Prisons." See *United States v. Wynder*, No. 15-31073, 2016 WL 4547228, at *1 (5th Cir. Aug. 31, 2016) (citing *Wilson*, 503 U.S. at 334-335).

ECF Doc. 17-3 at 3, *United States v. Rodriguez*, 5:15-cr-00018-RWS-CMC, ECF Doc. 1190 at 3 (E.D. Tex. Dec. 16, 2016). The court denied the motion on all grounds. *Id.* at 4.

That "credit computation issue" is the precise and sole issue raised in the petition here. That issue was actually litigated in the Eastern District of Texas case. The Eastern District of Texas court's determination that no error occurred was a critical and necessary part of the court's denial of the section 3582 motion. Petitioner was a party in both cases and had full and a fair opportunity to litigate the issue.

Case No. 4:20cv210-MW-HTC

And, although the BOP was not a party in the Eastern District of Texas case, it is in privy to the Government, who was a party in the Eastern District case. *See Allen*, 782 F.Supp.2d at 1325. Thus, all elements of collateral estoppel apply.

Additionally, the undersigned finds a lack of any "special considerations of fairness, relative judicial authority, changes of law, or the like, that warrant remission of the ordinary rules of preclusion." *Gjellum*, 829 F.2d at 1059 n. 4. Therefore, Petitioner's sole ground for relief in the amended petition is barred by collateral estoppel.

### III.   CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss the amended petition, ECF Doc. 17, be GRANTED, and this case dismissed.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of April, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**